IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TIMOTHY L. MOSS,                      )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        CIVIL ACTION NO. 3:17-CV-557-WKW
                                      )                    [WO]
RANDOLPH CO. JAIL, *et al.*,          )
                                      )
        Defendants.                   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Timothy L. Moss, a county inmate, complains that officers

of the Randolph County Jail failed to protect him from an inmate assault and failed to provide

adequate medical care for injuries he sustained during the assault. Moss names the Randolph

County Jail as one of the defendants.  Upon review, the court concludes dismissal of this defendant

prior to service is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

To allege a viable § 1983 claim, a plaintiff must name as a defendant an entity subject to

being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be

sued is "determined by the law of the state in which the district court is held." *Id*. Under federal

and state law, a county jail is not a legal entity subject to suit or liability. *See Id*.; *Ex parte Dixon*,

55 So.3d 1171, 1172 n.1 (Ala. 2010). Based on the foregoing, the court concludes Plaintiff's claims

against the Randolph County Jail are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1]  Plaintiff sought leave to proceed *in forma pauperis*.  The court granted Plaintiff *in forma pauperis* status except to
the extent payment is required by applicable statute. "Notwithstanding any filing fee, or any portion thereof, that
may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is
frivolous or malicious; (ii) fails to state a claim on which relief may be granted

*Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Battle v. Central State Hospital*, 898 F.2d 126, 129 (11th Cir. 1990) (a claim is frivolous if it is without arguable merit either in law or fact).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Randolph County Jail be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Randolph County Jail be dismissed as a defendant to this cause of action.

3. This case with respect to Plaintiff's claims against the remaining defendants be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before September 22, 2017**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 5th day of September 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE